UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Loren Melbostad, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>City of Cascade, Idaho, et al.,<br><br>　　　　Defendants. | Case No.: 2:14-cv-350-JAD-VCF<br><br>**Order Denying as Moot Defendants' Motion to Dismiss [Doc. 2] and Transferring this Action to the District of Idaho under 28 U.S.C. § 1406(a)** |

　　　　On April 27, 2013, public officials in Cascade, Idaho, allegedly misclassified a local real property parcel as zoned exclusively for non-residential use, which deprived pro se plaintiffs—Loren and Carolyn Melbostad, and John Taylor—of rental income. Doc. 1. This mistake was allegedly admitted during a May 13, 2013, public meeting. *Id.* at 4. Plaintiffs, who reside in Las Vegas, bring a cornucopia of federal and state claims against the Idaho public officials they claim were responsible for the decision, and these defendants now move to dismiss the claims under Federal Rules of Civil Procedure 12(b)(2)-(3) for lack of personal jurisdiction and improper venue. Doc. 2. Alternatively, defendants seek to transfer the case to the District of Idaho under 28 U.S.C. § 1404(a). Doc. 2. Plaintiffs concede that all of the events in question occurred in Cascade, Idaho; the only connection to Nevada is that plaintiffs live here. Docs. 1, 6. I find that although venue is plainly inappropriate in Nevada and the action may be dismissed on this ground, the interests of justice still compel me to transfer this case to the District of Idaho but under 28 U.S.C. § 1406(a).

## Discussion

　　　　Defendants move to dismiss the action under, *inter alia*, Federal Rule of Civil Procedure 12(b)(3), contending that venue is not proper in the District of Nevada. *See* Doc. 2. 28 U.S.C. § 1391 governs venue in civil actions, and provides that "A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial

1

part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ."[1]  The plaintiff has the burden of showing that venue is proper,[2] although, "in the absence of an evidentiary hearing, the plaintiff need only made a prima facie showing of jurisdictional facts to withstand [a 12(b)(3)] motion to dismiss."[3]  The Court may consider evidence outside the pleadings when determining venue, and the presence of contradictory evidence requires the court to "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."[4]

      Defendants' venue challenge points out that all of the defendants are located in Idaho, and that "all of the alleged events or omissions occurred in the City of Cascade, Idaho." Doc. 2 at 6.  In response, plaintiffs baldly contend that defendants can be sued in Nevada under 28 U.S.C. § 1332 because "the parties are citizens of different states."  Doc. 1 at 2; *see* Doc. 6 at 3.  Plaintiffs simply misapply the doctrine of diversity jurisdiction, which is a necessary but not sufficient prerequisite for bringing suit against any particular defendant in a particular federal jurisdiction.

      Beyond this, plaintiffs argue that "but for Defendants' conduct, Plaintiffs would not have been ruined financially and emotionally to such an extent that they are now living on limited incomes and resources."  Doc. 6 at 4.  Plaintiffs also appeal to equity, arguing that they are infirm, destitute, and likely unable to prosecute a lawsuit in Idaho.  *See id.*  These emotional arguments do nothing to demonstrate that venue is proper in this district, and nothing on the face of plaintiffs' complaint suggests otherwise.  Put simply, plaintiffs have failed to carry their burden to show that venue is proper in the District of Nevada; I need not reach defendants' other dismissal-related arguments.

---

[1] *Id.*

[2] *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

[3] *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9 th Cir. 2010) (quotation omitted).

[4] *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

Although I would be obligated to grant defendant's motion and dismiss this action, 28 U.S.C. § 1406(a) provides that "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[5]  1406(a) and Rule 12(b)(3) "authorize dismissal only when venue is wrong or improper in the forum in which it was brought."[6]  As noted above, venue is improper in the District of Nevada.

"To determine whether transfer is in the interest of justice, courts will generally consider judicial economy, the relative injustice imposed on plaintiff and defendant, whether the statute of limitations has expired, and whether the action would be re-filed if the case were dismissed."[7]  Personal jurisdiction over the defendant is not required for the court to transfer under 1406(a),[8] and a court may transfer a case thereunder *sua sponte*.[9]

As to relative injustice and judicial economy, plaintiffs claim that they will have difficulty prosecuting this action because they are elderly and infirm; moreover, one of their key witnesses resides in Las Vegas and has a medical condition that will prevent him from traveling.  *See* Doc. 6.  Even if the burdens of travel might work an "injustice" on plaintiffs who anticipated prosecuting their own action, in this case plaintiffs clearly anticipate hiring an attorney at some stage of the proceedings—as they claim in their first cause of action for negligence that they "will be forced to retain the services of an attorney in order to pursue their claims herein, and therefore are entitled to reasonable attorney's fees and costs of the suit incurred herein."  Doc. 1 at 4.  There is no indication that hiring an attorney in Idaho will be more burdensome than hiring an attorney in Las Vegas.  And no defendants have demonstrated contacts with Nevada, and all the physical evidence relating to the zoning

---

[5] *Id.*

[6] *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, 134 S.Ct. 568, 577 (2013).

[7] *Ali v. Carnegie Inst. of Washington*, 967 F. Supp. 2d 1367, 1391 (D.Or. 2013) (citing cases).

[8] 28 U.S.C. 1631; *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

[9] *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964 (9th Cir. 1993).

decisions and public meetings—including the property that plaintiffs own and maintain—is located in Idaho.  Finally, I note that defendants do not dispute that venue is proper in the District of Idaho and indeed suggest transfer under 28 U.S.C. § 1404(a) in the event I am disinclined to dismiss this action for lack of personal jurisdiction or venue.  *See* Doc. 2 at 6-8.  For these reasons, both the relative injustice and judicial economy factors favor transfer of this action to Idaho.

Statute-of-limitations and re-filing concerns do not dictate otherwise.  Plaintiffs allege that they were first deprived of rental income on April 27, 2013, Doc. 1 at 3, and there is no indication that the statute of limitations has run on any of plaintiffs' claims as of the date of this order.  And despite plaintiffs' protestations that prosecution of this suit in Idaho may pose logistical difficulties, they notably do not claim that they will abandon any of their claims if this action were transferred.

In sum, the interests of justice are best served by providing plaintiffs the opportunity to continue to prosecute their action in the District of Idaho, even though that venue may be less convenient for them.  Therefore, I order transfer of this action to the District of Idaho under 28 U.S.C. § 1406(a).

**Conclusion**

Accordingly, it is HEREBY ORDERED that the Idaho Defendants' Motion to Dismiss or, in the Alternative, Motion for Change of Venue **[Doc. 2] is GRANTED** in part.  This action is transferred to the District of Idaho pursuant to 28 U.S.C. § 1406(a); the motion is denied in all other respects.  The Clerk of Court is instructed to transfer this case to the District of Idaho.

DATED: October 21, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE